**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sebastian Funez Mene,  ) | |
| ) | Docket No.: 22-CV- |
| Petitioner,  ) | |
| ) | |
| vs.  ) | Judge: Hon. |
| ) | |
| Kaja Funez Sokola,  ) | |
| ) | **VERIFIED PETITION** |
| Respondent.  ) | |
| ) | |

**INTRODUCTION**

1. Petitioner, Sebastien Funez Mene ("Mene"), by Pascazi Law Offices PLLC, Michael S. Pascazi, ESQ. of Counsel, brings the following Petition against Kaja Funez Sokola ("Sokola")(together "parties"), seeking the repatriation from the USA to Poland immediately of the parties' only minor child, to wit; BFS, age 3 and born xx/xx/2019 in Poland, pursuant to The Convention on the Civil Aspects of International Child Abduction done at The Hague in 1980 ("Convention" or "Hague Abduction Convention"), as further implemented in the USA since 1988, pursuant to the International Child Abduction Remedies Act, codified at 22 USC 9001 *et seq*. ("ICARA"), and the following relief as authorized by the Convention and ICARA: Order Respondent to surrender any and all passports and/or travel document(s) of Respondent and BFS to the Court immediately, order Respondent to not take or allow BFS to leave the territory of the Southern District of New York, order Respondent to allow for and facilitate video contact (such as FaceTime, WhatsApp) between Petitioner and BFS twice daily, at times and for durations as specified by the Court, and order Respondent to pay and/or reimburse Petitioner for the costs associated with repatriating BFS to Poland, as well as reimburse Petitioner's costs and counsel fees incurred in the preparation for and prosecution of this proceeding, and order

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Page 1

1. Respondent to disclose BFS' true abode to Petitioner.

## PARTIES

2. Petitioner, Sebastien Funez Mene, is a 49-year-old male, born xx/xx/1973.

3. Mene is a Spanish citizen who resides in Poland, at: Kosynierow 7, 04-641 Warsaw, Poland.

4. Up to the point when Respondent removed the parties' child, BFS, from Poland, Mene and Respondent resided together with BFS.

5. Mene has resided in Poland continuously since 2015.

6. Mene holds a Master's Degree in Business Administration from La Sorbonne, in Paris, France.

7. Mene is the founder and director of an information technology company ("IT Company") which develops mobile applications, with operations in Warsaw, Poland, Singapore, and Dahka, Bangladesh.

8. Mene manages and directs said IT Company from Warsaw, Poland.

9. Mene is also the founder and director of a commodity trading company ("Commodity Company"), with operations in Warsaw, Poland, Hong Kong, and Macau.

10. Mene manages and directs said Commodity Company from Warsaw, Poland.

11. Mene married Respondent in 2015 in Poland.

12. Respondent, Kaja Funez Sokola, is a 36-year-old female, born xx/xx/1986.

13. Sokola is a Polish citizen who, upon information and belief, resides currently in the area of Fulton Street and Gold Street in New York City, which is in the Southern District of New York.

14. Sokola has refused to provide Mene with her and BFS' exact address.

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

15. Sokola's Attorney in New York, to wit; Avram S. Turkel, ESQ., of Borstein Turkel, P.C., 420 Lexington Avenue, Suite 455, New York, NY 10170, has consented to accept service of the Summons and Petition in this proceeding at his office.

16. Up to the point when Sokola removed BFS from Poland, Mene and Respondent resided together with BFS at: Kosynierow 7, 04-641 Warsaw, Poland.

17. Upon information and belief, Sokola holds a Bachelor's Degree in Psychology from Wroclaw University in Poland.

18. Upon information and belief, Sokola is unemployed.

19. Upon information and belief, Sokola and BFS are not lawfully present in the USA, having overstayed their visitor status.

20. Sokola resided in Poland for *circa* 7 years continuously with Mene, and was residing in Poland when Mene met Sokola in June, 2015.

21. The parties' child, BFS, was habitually resident in Poland at: Kosynierow 7, 04-641 Warsaw, Poland, which was the parties' family residence.

22. BFS is a Spanish citizen and a Polish citizen.

23. Upon information and belief, BFS hold Spanish and Polish passports.

24. BFS resided continuously in Warsaw, Poland from birth, until Sokola removed BFS to the USA.

25. BFS has extensive and close family in Poland on his maternal side.

26. Upon information and belief, BFS has zero family in the USA.

27. BFS had a full time Nanny in Poland to assist Sokola.

28. Prior to Sokola removing BFS to the USA in January 2022, BFS had never been to the USA.

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Page 3

29. BFS was registered in March, 2022 by Mene in a British School Kindergarten and a French School Kindergarten, both in Warsaw, Poland.

30. BFS had extensive contact with other children in Poland via local playgrounds, parties, etc.

31. BFS' pediatrician is located in Warsaw.

32. BFS' residential address in Warsaw, Poland is registered with the Spanish Embassy in Poland, because BFS is a Spanish citizen, with a Spanish citizen father to wit; Mene.

## JURISDICTION

33. This Court has jurisdiction under ICARA Section 9003, because this case involves the unlawful removal of or unlawful retention of, a child under the age of 16 to the United States of America, from his/her habitual residence of Poland. Upon information and belief, the child is currently located within the jurisdiction of this Court in the Southern District of New York.

## FACT AND CIRCUMSTANCES

34. Sokola and BFS accompanied by BFS' full time Nanny, Alona Francisco, who was employed by the parties, left Poland for the USA on January 10, 2022, on a round trip aeroplane ticket with LOT Airlines (Polish national airline), for the purposes of meeting her lawyers in New York, who were representing her on a notorious civil case against Harvey Weinstein and Disney which upon information and belief was then pending.

35. Sokola was also planning to give interviews to the USA Press during that visit to the USA, concerning her claims against Harvey Weinstein and Disney.

36. In fact, an article about Sokola as the purported youngest victim of Harvey Weinstein did appear in the famous Rolling Stone Magazine.

37. That article reported that Sokola was returning to Poland imminently.

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Page 4

38. Sokola and BFS were scheduled to return to Warsaw, Poland on March 14, 2022, which allowed her ample time to deal with her lawsuit and press issues.
39. Sokola, BFS, and the Nanny, Alona Francisco, held return LOT Airline tickets for March 14, 2022.
40. After Sokola's arrival in the USA, and on March 11, 2022, Sokola changed her, BFS, and the Nanny's return tickets' date to June 9, 2022, without Mene's prior knowledge and/or consent.
41. Mene only consented to BFS accompanying Sokola to the USA, because BFS was at the time still breast feeding at night from Sokola, and Sokola would be accompanied by the full time Nanny.
42. When Mene found out that Sokola planned on not returning to Poland as planned and agreed, he strongly objected to the same, and demanded that BFS be returned to Poland immediately.
43. Mene lodged his strong objections by sending communications demanding the return of BFS to Sokola via email, WhatsApp messages and telephone calls.
44. Also, Mene's Polish lawyer, Elzbieta Viroux, ESQ., also communicated with Sokola demanding BFS' immediate return.
45. Sokola responded falsely that LOT Airline made an error, and that she and BFS would then return in early April, 2022.
46. Mene then again demanded the return of BFS home to Poland, repeatedly, to no avail.
47. Neither Sokola nor BFS have returned to Poland, despite Mene's protestations to return BFS to Poland.
48. Mene never consented to BFS relocating to the USA.
49. It was never Mene's intention that BFS relocate to the USA.

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

50. Mene never gave any indication to Sokola or anyone else, that BFS should relocate to the USA.

51. When it became obvious to Mene that Sokola's numerous purported excuses for not returning BFS to Poland were nothing more than deceptions, Mene filed on April 8, 2022 a return application with the Central Authority of Poland under the Hague Abduction Convention.

52. Mene informed Sokola via telephone that said return application was filed in Poland.

53. Sokola did not return BFS to Poland in response to the Convention Application and her knowledge, thereof, or otherwise.

54. Mene did not acquiesce in Sokola's retention of BFS in the USA, beyond March 14, 2022, which was the ticketed and planned return date for BFS and Sokola to Poland.

55. Mene estimates that he demanded the return of BFS to his home in Poland subsequent to March 14, 2022 *circa* hundreds of times to Sokola; all to no avail.

56. Pursuant to U.S. Federal Law and the Federal Rules of Civil Procedure, the Court may, and is asked at this time to take judicial notice of the laws of a foreign jurisdiction, to wit; Poland, concerning rights of custody.

57. Mene's Polish Lawyer, Elzbieta Viroux, ESQ., an expert in Polish Law, has provided in sum and substance the following opinion and description concerning Mene's custodial rights of BFS, under Polish Law, upon BFS' removal from Poland (BFS' habitual residence), and upon the wrongful retention by Sokola of BFS in the USA, as below. Attorney Viroux is prepared to testify before the Court, if necessary.

### I. GENERAL RULES

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

1. According to the Family and Guardianship Code, parental authority is vested in both parents (Article 93 § 1 Family and Guardianship Code). Under the law:

- this authority and its existence is independent of whether or not the parents are married.

- the scope of parental authority is the same for both parents and each parent is entitled to full authority.

2. Under Article 62 of the Family and Guardianship Code means that if the child is born, the father acquires parental authority when the child is born. Mene, therefore, has full parental authority from the moment BFS was born and we certify that he holds full parental rights until this day.

3. Parental authority lasts until the child reaches the age of majority (the child reaches 18 years of age), at which point it terminates by operation of law. However, it may cease for other reasons, which include:

- the parent's loss of full legal capacity,

- the death of the parent,

- termination of parental authority,

- denial of paternity,

- denial of maternity,

- annulment of an acknowledgment of a child,

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

- modification of a final judgment establishing paternity as a result of an action for revision,

- adoption (in relation to the biological parents),

- termination of adoption (in relation to adopters).

4. In the present case, none of the above has ever occurred.

5. In Poland, parental authority is vested in the parents regardless of where the child is currently located or residing, i.e. whether the child resides in Poland or abroad. As long as one of the above-mentioned circumstances does not occur, depriving a parent of parental authority, the parent has full parental rights.

6. Mene has full parental authority and this authority has not been limited or withdrawn from him in any way.

7. This is confirmed by statuary law:

   *Article 95 Family and Guardianship Code*

   *§ 1.*

   *Parental authority includes, in particular, the duty and right of the parents to exercise custody of the child's person and property and to bring up the child, respecting the child's dignity and rights.*

8. In minor matters, each parent may act without communicating with the other parent. A minor matter is, for example, the purchase of a jacket or a toy. Essential matters of the child e.g. choice of school, medical

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Page 8

treatment, place of residence, longer visits abroad, are to be decided jointly by the parents, both when they are married and cohabiting, and when there is no cohabitation and they are not married. If there is no agreement between the parents, the family court of child permanent residence decides on the child's important matters before taking such decision. It shall be noted that a decision by the court can only be granted before taking such decision, there is no procedure on "confirming" or legitimizing actions taken by one of the parents without the consent of the other parent.

9. The scope of parental authority has been described in Polish doctrine:

- T. Smyczyński points out, the scope of this notion includes 'the totality of the parents' duties and powers in relation to the person and property of the child in order to protect the child's welfare and prepare it for an independent life' (see T. Smyczyński, Prawo rodzinne i opiekuńcze, Warsaw 2009, p. 218).

- In the science of family law, it is assumed that the content of parental authority consists of:

1) Custody over the person of the child,

2) management of the child's property,

3) representation of the child.

(A. Zieliński, Prawo rodzinne i opiekuńcze w zarysie, Warsaw 2011, p. 192 *et seq.*).

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Page 9

- "Firstly, parental authority includes the custody of the child, the child's property and the duty to raise the child; in pedagogy and psychology, the term 'custody' is used to refer to any form of activity aimed at caring for, protecting from potential danger and striving to meet the comprehensive needs of an individual who has limited capacity to overcome problems independently. In the relationship between parents and minor children, the disinterestedness and unidirectional nature of this activity is emphasized. Secondly, parental authority is the totality of the rights and duties of parents towards the child, aimed at ensuring the child's proper care and safeguarding its interests. Thirdly, parental authority is the totality of the rights and duties of parents in relation to a minor child, aimed at ensuring custody of the child's person and property." (A. Pośpiech: Family and Guardianship Code. Commentary, ed. M. Fras, M. Habdas, Warsaw 2021, Article 95.)

10. Jurisprudence defines parental authority in a similar way.

- Pursuant to the decision of the Supreme Court of 5 May 2000, II CKN 761/00, LEX No 51982:

    *"Parental authority, as follows from the entirety of the provisions of the Family and Guardianship Code, in particular Article 95 § 1, Article 96 and Article 98 § 1, constitutes a set of duties and rights with regard to the child aimed at ensuring its proper care and guarding its interests".*

- "Custody of the person of the child includes in particular:1) the upbringing of the child,2) the management of the child,3) the provision of appropriate living conditions for the child,4) care for the health and safety of the child."

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

> *G. Jędrejek: Family and Guardianship Code. Commentary updated, LEX/el. 2019, Article 95.*

- *"Parents also have a duty to provide the child with adequate living conditions and to strive for the child's mental and physical health. The fulfilment of the above duties, as emphasized by the Supreme Court in its ruling of 2.12.1957, I CR 1045/56, OSN 1959/3, item 76, should be ensured 'in equal measure'. This means that parents cannot consider some duties more important than others that will be neglected. There is no hierarchy of the rights and duties that make up parental authority. A breach of any duty constitutes a breach of parental authority." G. Jędrejek: Family and Guardianship Code. Commentary updated, LEX/el. 2019, Article 95.*

11. The categories of matters that require the cooperation and consent of both parents in each case include the choice of name, school, treatment, citizenship, applying for a passport for the child, determining the child's place of residence or travel abroad.

12. "Pursuant to Article 95 § 3 of the Family and Guardianship Code, parental authority should be exercised as the child's best interests and the public interest require." A similar position was taken by the Supreme Court in the justification of the order of 12.12.2000, V CKN 1751/00, LEX No. 1635378, stating, inter alia, that "parents may take into account and exercise their expectations and rights arising from parental authority only in such a way and to such an extent that does not lead to a collision with the child's welfare. The relationship between parents and children under their parental authority is of a special nature in the sense that the parents'

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

degree of diligence in exercising it is determined by the child's welfare." (G. Jędrejek: Family and Guardianship Code. Commentary updated, LEX/el. 2019, Article 95).

## II. DECISION ON PLACE OF RESIDENCE

13. The place of residence of the child, and above all in which country the child will live, is an important matter, such a decision must be taken jointly by the parents, neither parent can make such an important decision alone, without the consent of the other.

14. On November 30, 2020, Mene and Sokola entered into a written agreement that BFS would reside in Poland, in Warsaw, as his permanent residence and this agreement has never been changed.

15. Mene was fully exercising his parental authority and rights of custody at the time of BFS's departure from Poland. His parental authority was neither terminated nor restricted. Upon information and belief, he resided with the child, he took care of the child, looked after him, spent time with him, went to the doctor, administered medication when BFS was ill, bought him food, clothes, toys and cooked for him, took him to school, took him to playgrounds, took care of his relationship with the family (which lives solely in France and Poland). Upon information and belief, Mene spent almost every free moment with the child, and BFS was very attached to him.

16. Currently BFS is almost 4 years old and is not autonomous with his basic needs.

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

> 17. Depriving Mene of his right to take care of the basic needs of the child is in fact a depravation of his parental rights, and rights of custody, to which he has full authority under Polish Law.

58. *Ergo*, under Polish Law, Mene had and was exercising rights of custody of BFS at the time of BFS' removal from Poland to the USA by Sokola, and when Sokola unlawfully retained BFS in the USA, beyond March 14, 2022.

59. Prior to Sokola and BFS' departure for the USA in January, 2022, there has never been any involvement of law enforcement in Poland or elsewhere, relating to Mene, Sokola, and/or BFS.

60. Prior to Sokola and BFS' departure for the USA in January, 2022, there has never been any involvement of social services and/or child protective services in Poland or elsewhere, relating to Mene, Sokola, and/or BFS.

61. Prior to Sokola and BFS' departure for the USA in January, 2022, there has never been any involvement of Family Court in Poland or elsewhere, relating to Mene, Sokola, and/or BFS.

62. Prior to Sokola and BFS' departure for the USA in January, 2022, Sokola and/or BFS did not hold any right to permanently reside in the USA.

63. Upon information and belief, they both departed to the USA from Poland as tourists.

64. Poland is part of the European Union ("EU"), and has a good Law Enforcement System, which is capable of protecting persons within its jurisdiction, including Sokola and/or BFS.

65. In sum, Sokola has unlawfully, in violation of the Convention and ICARA, removed BFS from Poland, BFS' habitual residence, to the USA, and/or retained BFS in the USA, where BFS has never been previously, and thereby, deprived/depriving Mene of his rights of custody under Polish Law, which rights he was exercising at the time of the removal and/or retention or which rights of custody he would be exercising but for the removal and/or

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Page 13

retention.

## CLAIMS

### Count 1

**{Return of BFS to Poland Pursuant to the Hague Abduction Convention as Implemented by ICARA, As Well As Award Mene (The Left Behind Father) Ancillary Relief**

66. Petitioner repeats and incorporates, herein, by reference the allegations in the preceding paragraphs of this Verified Petition, as if set forth fully hereat.

67. The U.S. Court of Appeals for the Third Circuit, illuminating on the subject, has "divided the analysis of the petitioner's burden [in a Hague Abduction Convention case] into four parts," requiring a court to determine the following:

(1) when the removal or retention took place;

(2) the child's habitual residence immediately prior to such removal or retention;

(3) whether the removal or retention breached the petitioner's custody rights under the law of the child's habitual residence; and

(4) whether the petitioner was exercising his or her custody rights at the time of removal or retention. Karpenko v. Leendertz, 619 F.3d 259, 263 (3rd Cir. 2010), quoting Tsai-Yi Yang v. Fu-Chiang Tsui, 499 F.3d 259, 270-71 (3rd Cir. 2007).

68. In the case at bar, BFS was removed from Poland to the USA on January 10, 2022, and was unlawfully retained in the USA on March 14, 2022.

69. BFS' habitual residence when removed from Poland to the USA was Poland.

70. The removal and/or unlawful retention of BFS in the USA breached Mene's rights of custody under the law of Poland (BFS' habitual residence).

71. Mene was exercising his rights of custody of BFS at the time of BFS' removal from Poland

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

to the USA, and but for Sokola's unlawful retention of BFS in the USA, Mene would be continuing to exercise his rights of custody of BFS.

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner demands judgment as follows:

- Grant the Petition in its entirety, and award the following relief:

    A. Order the repatriation (return) from the USA to Poland immediately of the parties' only minor child, to wit; BFS, age 3 and born xx/xx/2019, pursuant to the Convention, as further implemented and administered in the USA since 1988, pursuant to ICARA;

    B. Order Sokola to surrender any and all passports and/or travel document(s) of Sokola and BFS to the Court immediately;

    C. Order Sokola to not take or allow BFS to leave the territory of the Federal Courts' Southern District of New York;

    D. Order Sokola to allow for and facilitate video contact (such as FaceTime, WhatsApp) between Mene and BFS twice daily, at times and for durations as specified by the Court;

    E. Order Sokola to pay and/or reimburse Mene for the costs associated with repatriating (returning) BFS to Poland, as well as reimburse Mene's costs and counsel fees incurred in the preparation for and prosecution of this proceeding, and;

    F. Order Sokola to disclose BFS' precise true abode to Mene.

- Award any other relief that the Court may deem just, fitting, and proper.

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

**VERIFICATION**

Pursuant to 28 U.S.C.A. section 1746, I declare under the pains and penalties of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed at Warsaw, Poland this 05 day of December 2022

_____X
Sebastien Funez Mene, Petitioner

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Dated this 5th day of December, 2022

Respectfully Submitted:

/s/ *Michael S. Pascazi*
----------------------------------------X
Pascazi Law Offices PLLC
Attorneys for Petitioner
Michael S. Pascazi ESQ., of Counsel
SDNY (MP2259)
1065 Main Street, Suite D
Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117*
Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email

# VERIFICATION

Pursuant to 28 U.S.C.A. section 1746, I declare under the pains and penalties of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed at Warsaw, Poland this 05 day of December 2022

_____X
Sebastien Fúnez Mené, Petitioner

Pascazi Law Offices PLLC
Michael S. Pascazi ESQ., of Counsel, SDNY (MP2259)
1065 Main Street, Suite D, Fishkill, NY 12524 USA
Ph: 845.897.4219 Fax: 845.468.7117* Email: mpascazi@pascazilaw.com*
* Service Not Accepted by Fax or Email