# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue, 14th Floor*
*New York, New York  10017*
*Tel:  (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



August 28, 2023

    Re:    *Mene v. Sokola (Re: Petitioner's Pre-Motion Letter on Foreign Law and Expert Disclosure)*
            Case No. 22-cv-10333-KPF

Dear Judge Failla,

    We write on behalf of the Respondent in this matter in response to Petitioner's pre-letter motion on matters of foreign law and Petitioner's request to submit matters of foreign law via Expert Witness' Memorandum of Law in Lieu of Viva Voce Testimony [ECF No. 51].

    For the reasons set out below, Respondent objects to the proposed approach. Petitioner seeks to circumvent the deadline for expert disclosures (which he missed) by having a Polish lawyer, not admitted to this Court and not qualified in the United States, brief matters of Polish law to the Court as an expert witness. This is not acceptable or appropriate. If Petitioner wishes to raise issues of Polish law, Petitioner must brief them through his US counsel.

    Consistent with the Federal Rules of Civil Procedure Petitioner may either submit an Expert Report by the deadline for expert disclosures (which Petitioner did not do) or may brief matters of foreign law in a memorandum of law by US Counsel for Petitioner (not as quasi expert report). Petitioner seeks to cut a third way, not permitted by the Federal Rules of Civil Procedure and have a foreign lawyer brief matters of foreign law to this Court in a Memorandum of Law. The only reason for this is that Petitioner missed the discovery deadline for expert evidence.

1

By way of brief summary of the background to this dispute: This Court set June 26, 2023 as the deadline for expert disclosures. By agreement of the parties this was extended to July 10 and then to July 17, 2023 [ECF No. 39]. Despite these extensions, on July 17, 2023 Petitioner made incomplete expert disclosures, in that Petitioner did provide a written expert report (as required by FRCP Rule 26(a)(2)(B)) from the foreign lawyer identified as an expert witness.

We identified this deficiency to Petitioner on July 26, 2023, reserving rights. In response, on July 31, 2023, Petitioner's counsel emailed that: "Obviously, given Petitioner's Expert Disclosure, Petitioner's Expert who is a Polish Attorney, will be testifying as to Polish Law. In a "nutshell", to wit: 1. The law of child custody in Poland, and 2. The law of Poland relating to domestic violence in all of its aspects (deterrence, protection & enforcement)." At this time there was no suggestion of a memorandum of law or of there being no cross-examination of experts on foreign law, indeed, Petitioner clearly envisioned testimony of experts.

On August 7, 2023 the parties met and conferred regarding this issue. Petitioner's position at that meet and confer was that because foreign law is a question of law not fact, Petitioner was not obliged to provide Respondent with a report containing the expert's opinions on the topics on which they will give evidence, even though this means that Respondent's rebuttal expert is unable to prepare his report, and Respondent is left not knowing what case they face on foreign law from the Petitioner.

On August 17, 2023, Petitioner's counsel suggested the approach he now proposes to the Court, which was to be in place of any oral testimony, a position not previously suggested by Petitioner, which Respondent's counsel were considering when Petitioner filed this pre-motion letter.

It is common ground that this Court may take judicial notice of foreign law, and determine matters of foreign law in and following briefing of those issues in a memorandum of law. On this there is no dispute. However, there is no provision in the rules for a foreign attorney, not qualified in the United States or admitted before this Court to (instead of providing a written report as required by FRCP Rule 26(a)(2)(B)) provide a "Memorandum of Law" to the Court.

Respondent has never objected (and does not object) to the Court hearing and determining questions of foreign law, but having not complied with the deadlines for expert disclosure,

Petitioner's counsel must now brief those issues himself in a memorandum of law which he authors and submits.

However, this is a course of action about which Respondent has considerable concerns. Poland is not a common law country, nor are its judicial decisions or statutes published in the English language. This obviously makes determining questions of Polish law more difficult for this Court, and leaves wider room for error, when the Court is not assisted by foreign law expert witnesses. Where the wellbeing of a child is at stake, that room for error and uncertainty is an even greater concern. Petitioner having missed the expert discovery deadline by six weeks, and trial being scheduled to begin in two months, Respondent's position is that Petitioner has waived the right to advance a positive case on issues of foreign law.

Respectfully submitted,

/s/ Jonathan Schaffer-Goddard
Jonathan Schaffer-Goddard

HOLWELL SHUSTER & GOLDBERG LLP

/s/ Richard Min
Richard Min

GREEN KAMINER MIN & ROCKMORE LLP

The Court is in receipt of Respondent's Letter Motion for Local Rule 37.2 Conference (Dkt. #48); Petitioner's Response in Opposition to the Motion (Dkt. #52); Petitioner's Pre-Motion Letter re: Presentation of Foreign Law to the Court via Memorandum of Law in Lieu of Viva Voce Testimony (Dkt. #51); and Respondent's above Response in Opposition to the Motion (Dkt. #53). The parties are hereby ORDERED to appear for a telephonic pre-motion conference addressing both Respondent's and Petitioner's motions on **September 6, 2023,** at **3:00 p.m.** The parties should be prepared to discuss the contents of their pre-motion letters at that time.

The dial-in information is as follows: At **3:00 p.m.** the parties shall call (888) 363-4749 and enter access code 5123533. Please note, the conference will not be available prior to **3:00 p.m.**

The Clerk of Court is ordered to terminate the motions at docket entries 48 and 51.

Dated: August 29, 2023
New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE