

# Pascazi Law Offices PLLC

Michael S. Pascazi, Esq.          Céline M. Pascazi, M.P.S.

WWW.PASCAZILAW.COM

INFO@PASCAZILAW.COM

November 30, 2023

**VIA ECF**
United States District Court, SDNY
Hon. Katherine Polk Failla, U.S.D.J.
40 Foley Square, Room 2103
New York, NY 10007

**MEMO ENDORSED**

Re: Mene v. Sokola, Case No.: 22-cv-10333 (KPF)

PETITIONER'S LETTER MOTION re: On Consent Adjournment of Due Date for Both Parties' Post Trial Findings of Fact and Conclusions of Law

Dear Judge Polk Failla,

    As you know, this office represents Petitioner, Sebastien Mene, in this Hague Abduction Convention proceeding.

    I heard early this morning NY time, that Petitioner's 2011 San Francisco, California conviction was vacated at yesterday's appearance, by the California Superior Court, his arrest warrant withdrawn, and the case dismissed by the California Prosecutor, with zero intention to refile. I have yet to confirm this with formal documents, but out of an abundance of caution, I have already brought this to Opposing Counsel's attention.

    Further, Opposing Counsel then inquired of me as to the existence of any documentation relating, thereto, and I provided the attached proposed order, received from Mr. Mene's California Criminal Counsel, which proposed order was submitted by Mr. Mene's California Criminal Counsel to the California Superior Court. Said Criminal Counsel indicated to me that he has no indication, from the California Judge, that the proposed order will be deviated from in any way when signed.

    If and when confirmed, this would render Mr. Mene an absolute victim of a gross miscarriage of American justice, which greatly impacted the trajectory of Mr. Mene's life at the time, and such would render Mr. Mene not an American convicted domestic abuser.

    Moreover, a confirmed *vacatur* would bolster Mr. Meme's claims in the French Court against his 2011 accuser, and bolster his claims in the European Court of Human Rights against the Republic of France. And would undoubtedly in my view, have a salutary effect for Mr. Mene upon the opinions formed of him by certain purported witnesses.

    It is axiomatic that Mr. Mene's *circa* 12-year-old California conviction played a large role in Respondent's presentation of her affirmative 13(b) grave risk exception to return under the Hague Abduction Convention. Said conviction is even referenced in yesterday's Respondent's submission to Your Honor under the Hague Evidence Convention, when Respondent is seeking Mr. Mene's "Bulletin 1 Criminal History

Page 1

1065 Main Street, Suite D      10 Rue Pasteur, 2ème Étage
Fishkill, N.Y. 12524 U.S.A.      95520 Osny [Paris] France
Ph: 845.897.4219  Fax: 845.468.7117      Tél: +33 9.77.21.86.40

Service not accepted by fax or email



# Pascazi Law Offices PLLC

Michael S. Pascazi, Esq.          Céline M. Pascazi, M.P.S.

WWW.PASCAZILAW.COM
INFO@PASCAZILAW.COM

Report" from the French Justice Ministry.

Given this turn of events, I write on consent of Opposing Counsel, seeking to adjourn the due date of the Post Trial Findings of Fact and Conclusions of Law, by both sides, from December 4, 2023 until January 12, 2024, to allow time to secure the documentary evidence demonstrating the California Court's actions, as well as determine how Your Honor would like to handle this new information, to the extent that it is confirmed. Opposing Counsel and I have been considering sooner potential adjourned-to dates, however, the impending Holiday Schedules have limited us in our choices.

I am certainly cognizant of the expedited nature of a Hague Abduction Convention proceeding, and the need for a prompt resolution, pursuant to the Convention, ICARA, and U.S. Supreme Court precedent. However, in my view, given the large role Mr. Mene's California conviction played in this proceeding, throughout, any *vacatur* of said conviction should be addressed now, as opposed to litigation post-decision.

I Thank the Court in advance for its courtesies in this matter.

Very truly yours,
/s/ *Michael S. Pascazi*
Michael S. Pascazi, ESQ.

c.c.:    Opposing Counsel via ECF
         Attach.

MSP/cmp

```
Application GRANTED.  The deadline for parties to submit their
respective Post Trial Findings of Fact and Conclusions of Law is
hereby ADJOURNED to January 12, 2024.

The Clerk of Court is directed to terminate the pending motion
at docket entry 109.
                                     SO ORDERED.
 Dated:    December 1, 2023
           New York, New York


                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```

☐ 1065 Main Street, Suite D          ☐ 10 Rue Pasteur, 2ème Étage
  Fishkill, N.Y. 12524 U.S.A.            95520 Osny [Paris] France
  Ph: 845.897.4219  Fax: 845.468.7117    Tél: +33 9.77.21.86.40

Service not accepted by fax or email

# PROPOSED ORDER

1  Daniel J. Schneider, SBN 304224
2  FARBER SCHNEIDER FERRARI LLP
3  445 South Figueroa Street, Suite 3100
   Los Angeles, California 90071
4  Telephone: (646) 531-1831
   Email: dschneider@fsfllp.com
5  Attorney for Defendant
6  Sebastien Funez

7

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

| PEOPLE OF THE STATE OF CALIFORNIA, | CASE NOS: 11030387 |
|---|---|
| Plaintiff, | **ORDER GRANTING VACATEUR OF GUILTY PLEA AND ASSOCIATED JUDGMENT AND DISMISSAL (California Penal Code §§ 1016.5)** |
| vs. | |
| SEBASTIEN FUNEZ, | **Department 18** |
| Defendant. | |

The Court, having considered the foregoing Motion to Vacate Under Penal Code ("PC") § 1016.5 of defendant SEBASTIEN FUNEZ (the "Defendant"), which is unopposed and consented to by the PEOPLE OF THE STATE OF CALIFORNIA (the "People"), and upon good cause appearing therefor,

It is HEREBY ORDERED:

1.  Since the record reflects that the Defendant was never released from custody after his guilty plea was entered, including after sentencing, and had been

1

ORDER ON MOTION TO VACATE UNDER PENAL CODE § 1016.5

deported by the time a bench warrant was issued in July 2012, the bench warrant in this case is recalled and quashed.

2. Furthermore, Defendant's Motion pursuant to PC § 1016.5 is granted based on the People's concession that they cannot fulfill their burden that the admonition was given by the Court—in that there was no interpreter provided during the plea hearing—nor can they show no prejudice pursuant to People v. Martinez (2013) 57 Cal. 4th 555.

3. The judgment of conviction of PC §§ 646.9(b) from 2012 is hereby vacated in its entirety as legally and constitutionally invalid, *nunc pro tunc* to the date the plea was taken.

4. The vacation of the judgment and withdrawal of Defendant's original plea of guilty is permitted because the People are unable to rebut the strong claim that the rights in PC § 1016.5 were violated due to a lack of advisement of consequences. Thus, Defendant did not knowingly, intelligently and voluntarily enter his plea, in violation of the Due Process Clause in the Fifth and Fourteenth Amendments and PC § 1016.5.

5. Defendant waives his right to challenge any irregularities of this proceeding and that waiver is accepted by the Court.

6. Upon the vacation of the judgment and withdrawal of Defendant's original plea, the charges, based upon the non-opposition of the People, reflecting that they do not intend to re-prosecute, are dismissed pursuant to PC § 1385 and Court dismissal code 72.

7. Based upon the foregoing, the Court need not reach the merits of Defendant's remaining contentions including under Penal Code 1473.7.

Dated: _____, 202__     By: _____
                                 JUDGE OF THE SUPERIOR COURT