UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEBASTIEN FUNEZ MENE,

                       Petitioner,

               -v.-

KAJA FUNEZ SOKOLA,

                       Respondent.

22 Civ. 10333 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

     The hearing in this Hague Abduction Convention proceeding concluded on November 2, 2023. (*See* November 2, 2023 Minute Entry). On December 29, 2023, Petitioner Sebastien Funez Mene wrote to the Court to advise that his 2012 San Francisco, California conviction had been vacated *nunc pro tunc* by the California Superior Court. (Dkt. #112). Because of what Petitioner argued to be "the large role [his] now vacated California conviction played in th[ese] proceeding[s]," Petitioner sought a reopening of the hearing. (*Id.*). On January 5, 2024, the Court agreed to reopen the hearing, permitting the parties to conduct supplemental discovery "limited to the subjects of the vacatur of Petitioner's California conviction as well as the facts underlying such conviction." (Dkt. #114).

     During the supplemental discovery period that followed, on February 6, 2024, the Court received a letter from Respondent Kaja Funez Sokola, which letter included a copy of a French court decision evidencing Petitioner's

extensive criminal history, "including, but not limited to, a history of fraud, forging documents, abuse of a former romantic partner ... and escape from France against court orders." (Dkt. #120). The information contained in Respondent's letter, if accurate, suggested that Petitioner and his counsel had repeatedly lied to the Court and to Respondent over the course of these proceedings. (Dkt. #123). The Court thereafter scheduled a show cause hearing to discuss Respondent's letter. (*Id.*).

On February 12, 2024, Petitioner filed a letter requesting leave "to move to voluntarily withdraw his pending Convention Petition, prior to entry of judgment, without admission(s), and without an award of counsel fees and/or costs to either party, but with prejudice to renew/refile." (Dkt #125). The Court denied Petitioner's request (Dkt. #127), and Petitioner promptly renewed it (Dkt. #128). At a hearing held on February 27, 2024, the court denied Petitioner's renewed request.[1] (*See* February 27, 2024 Minute Entry; Dkt. #131 (transcript)). Also at that hearing, in an attempt to chart a path toward the conclusion of these proceedings, the Court asked the parties to submit a joint letter by May 30, 2024, indicating "whether they wanted to have oral

---

[1] Petitioner appealed the Court's denial of his request, which appeal was thereafter dismissed by the Second Circuit

> because the district court has not issued a final order as contemplated by 28 U.S.C. § 1291. Our jurisdiction is generally limited to final orders of the district court, and no exceptions apply here. *See Petrello* v. *White*, 533 F.3d 110, 113 (2d Cir. 2008). We lack jurisdiction over the district court's denial of Appellant's motion to withdraw his petition. *See Ibeto Petrochemical Indus. Ltd.* v. *M/T Beffen*, 475 F.3d 56, 62 (2d Cir. 2007).

(Dkt. #138).

argument, a hearing with witness testimony, or whether they just want[ed] to submit written submissions" to bring the re-opening period to an end.

On May 30, 2024, the parties submitted the requested joint letter (Dkt. #137), in addition to raising certain issues regarding Petitioner's invocation of his Fifth Amendment Rights in response to Respondent's Fourth RFP, his waiver or non-waiver thereof, and the admissibility of various documents that Respondent had sourced from the French Courts (*see generally* Dkt. #133-136). Considering the parties' submissions, the Court hereby ORDERS as follows:

1. The hearing in this Hague Abduction Convention proceeding is now closed.

2. The parties shall submit their post-trial Proposed Findings of Fact and Conclusions of Law of no more than seventy-five (75) pages on or before **June 28, 2024**, which submissions shall address, inter alia:

   (a) The vacatur of Petitioner's 2012 San Francisco, California conviction;

   (b) Petitioner's waiver or non-waiver of his Fifth Amendment rights in response to Respondent's Fourth RFP;

   (c) Any adverse inferences that this Court may draw from Petitioner's non-compliance with Respondent's discovery demands and his waiver or non-waiver of his Fifth Amendment rights; and

      (d)      The admissibility of the various records of the French Judiciary proffered by Respondent.

3. The Court will retain jurisdiction to consider, and defer consideration of, any motion for sanctions against Petitioner and/or Petitioner's counsel, in the form of attorneys' fees and other relief, until after the Court issues a ruling on Petitioner's Petition.

4. Petitioner shall clarify the open status of these proceedings, and the forthcoming nature of this Court's decision in these proceedings, to any and all foreign courts overseeing divorce and/or custody action(s) involving the parties.

      SO ORDERED.

Dated:      June 6, 2024
                New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge