


August 26, 2024

**VIA ECF**
United States District Court, SDNY
Hon. Katherine Polk Failla, U.S.D.J.
40 Foley Square, Room 2103, New York, NY 10007

Re: <u>Mene v. Sokola</u>, Case No.: 22-cv-10333 (KPF)

PETITIONER'S OPPOSITION TO RESPONDENT'S LETTER MOTION TO SEAL RESPONDENT'S ADDRESS - DKT 157

Dear Judge Polk Failla,

As you know, this office represents Petitioner, Sebastien Funez Mene, in this Hague Child Abduction Convention ("Convention") proceeding.

Respondent now seeks to seal Respondent's address in New York City ("NYC"), where BFS resides. At this point, such is of no consequence.

I am advised that this past weekend, August 24, 2024 – August 25, 2024 there was as least NYPD Police activity, and likely also NYC Child Protective Services ("ACS") activity at Respondent's apartment in the NYPD 1st Police Precinct, Sector A of NYC.

You see, at *circa* 12:30 a.m. on Saturday, August 24, 2024, Respondent apparently called 911 and reported that her 13-year-old nephew, MW ("Matt"), son of her sister Ewa, who were both staying with Respondent in her NYC apartment, attempted to choke Respondent. NYPD Officers arrived, took Matt into custody, and transported him to the NYPD 1st Precinct Stationhouse. It is my understanding that Matt was then charged in some sort of Family Court Juvenile Delinquency proceeding and released to his mother, given his young age and that he was only a visitor to the USA. I have yet to secure the official court papers, and/or ACS papers, and/or Police papers on the incident.

The point of the above description is to demonstrate that Respondent's apartment address is now undoubtedly part of public record police report(s). I am advised that Ewa herself contacted Petitioner and reported the above events to him.

Further, there exist photographs of an Alcohol delivery to Respondent, at Respondent's apartment, on August 24, 2024. Said photos clearly showing the delivery address. I am hesitant to include the photos herewith. It is obvious that the delivery address no longer needs to be kept secret. Petitioner did not take said photos.

Given the reality *supra*, Petitioner will forgo arguing the First Amendment protected right to access court papers, as well as the Common Law right to do the same. If the Court would like that subject briefed, I would be happy to.

I Thank the Court in advance for its courtesies in this matter.



Very truly yours,

/s/ *Michael S. Pascazi*

Michael S. Pascazi, ESQ.


c.c.:   Opposing Counsel via ECF
        Attach.

MSP/

☐ 1065 Main Street, Suite D          ☐ 10 Rue Pasteur, 2ème Étage
Fishkill, N.Y. 12524 U.S.A.              95520 Osny [Paris] France
Ph: 845.897.4219  Fax: 845.468.7117      Tél: +33 9.77.21.86.40

SERVICE NOT ACCEPTED BY FAX OR EMAIL

The Court is in receipt of Respondent's letter motion to seal Exhibit A of docket entry 156 and Petitioner's above response.  (Dkt. #157, 158).

Having considered the parties' arguments, the Court ORDERS that Exhibit A of docket entry 156 be placed under permanent seal and designated as Attorney Eyes Only.

The Clerk of Court is directed to terminate the pending motion at docket entry 157.

Dated:     August 29, 2024          SO ORDERED.
           New York, New York

                                    *[signature: Katherine Polk Failla]*

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE