
**HOLWELL SHUSTER & GOLDBERG** LLP

*425 Lexington Avenue, 14th Floor*
*New York, New York  10017*
*Tel:  (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

September 5, 2024

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Mene v. Sokola*: Response to Petitioner's Motion to Reopen Hearing
       Case No. 22-cv-10333-KPF

Dear Judge Failla:

We write in response to Petitioner's motion to reopen the evidentiary hearing in this matter and to admit a declaration into evidence. Petitioner's motion seeks unnecessary and inappropriate relief, without proper grounds for doing so. Petitioner's motion should be denied.

The Events of the Last Three Weeks

Petitioner's motion, and the declaration attached thereto give a partial, self-serving, inaccurate and incomplete account of the events of the last three weeks. Respondent reserves all rights in that regard and does not respond in detail to the account at this stage.

The account given by Petitioner and Ewa Sokola entirely ignores the deterioration of Respondent's relationship with her sister Ewa Sokola over the last three weeks. Briefly, on information and belief:

(1) Ewa Sokola's son was arrested and prosecuted for assaulting the Respondent in her home;

(2) Ewa Sokola and her son were later removed from Respondent's apartment by the Police. Following this, Ewa Sokola demanded tens of thousands of dollars from Respondent in a clear act of blackmail;

(3) Ewa Sokola has since then taken, retained without permission and refused to return Respondent's dog and is taking steps to send it to Poland;

(4) Ewa Sokola has tried to fraudulently remove funds from Petitioner's bank account;

(5) Ewa Sokola has also circulated, without permission, Petitioner's medical records;

(6) Ewa Sokola has also taken, retained without permission and refused to return BFS's Polish ID Card and Passport.

So that the Court understands, the relevant state of affairs now is that:

(1) There are ongoing Family Court proceedings in New York State Court;

(2) The Family Court has appointed a third-party (over the objections of Petitioner and Ewa Sokola) as a temporary foster carer for BFS and that third-party has been vetted and approved by the Commissioner of Social Services after an investigation. This third-party knew BFS and Respondent prior to the placement of BFS with them;

(3) After the foster carer reported to ACS that Petitioner was threatening her, ACS took the view that Petitioner's contact with BFS needed to be supervised. ACS now supervises the calls between Petitioner and BFS;

(4) Respondent is actively engaging in medical treatment as an out-patient;

(5) Respondent continues to have regular access to BFS, approved by the Family Court and ACS, including attending school events shortly after the Family Court hearing on Tuesday September 3.

<u>There Are No Grounds to Reopen the Evidentiary Hearing or admit the Declaration</u>

The Family Court proceedings, which the parties before you are both engaged in, is the only proper place to consider the question of the risk of harm to BFS of being returned to the custody and care of Respondent. This Court should not trespass upon this custody determination.

Having had their attempt to remove BFS to Poland via the Family Court thwarted, Petitioner and Ewa Sokola now seek to complete an end-run around the Family Court here in Federal Court. Indeed, the majority of Ewa Sokola's new declaration relates to the placement of BFS and is a matter for the Family Court (which has rejected her attempt to take BFS from his Foster Carer and into her care). As Petitioner's Counsel has taken pains to remind this Court – this is not a custody proceeding. Transcript of Feb 27, 2024 hearing (Dkt. No. 131) 24:8-10, 24:21 – 25:5.

There is no basis (and Petitioner cites none) under the Hague Convention for the comparative analysis of harm that Petitioner urges under the "Grave Risk of Harm" defense. No such provision exists in Article 13(b). This being the only "new evidence" proffered by Ewa Sokola there is no basis to reopen the hearing – that evidence is irrelevant.

Nor should the Court reopen an evidentiary hearing when a witness, who has previously had (and taken) the opportunity to give her testimony both in written declaration and in live testimony, decides to alter and augment her testimony about matters that were within her knowledge when she testified. Ewa Sokola's new declaration gives no basis to reopen the evidentiary hearing and would not reasonably change the Court's view of the testimony of "one or more witnesses for Respondent".

<u>Procedure if the Court Reopens the Evidentiary Hearing.</u>

For the reasons set out above, the Court should not reopen the evidentiary hearing for the purposes requested by the Petitioner.

However, if the Court should re-open the hearing the ACS approved foster carer must be joined as a Respondent and given the opportunity to make representations and lead evidence. *Nelson v. Adams USA, Inc*., 529 U.S. 460, 463 (2000) (holding that due process requires that an added party be given an opportunity to respond and contest his personal liability before the entry of judgment against him). At the present time, while BFS is in their custody and care, the Court cannot make a return order against Ms Sokola as Respondent, and any such order would have to be against the foster carer. The Respondent reserves her rights in this respect if the Court intends to reopen the hearing.

          Respectfully submitted,

          /s/ Jonathan Schaffer-Goddard
          Jonathan Schaffer-Goddard
          Holwell Shuster & Goldberg LLP
          425 Lexington Avenue
          New York, New York 10017
          (646) 837-8423

          /s/ Richard Min
          Richard Min
          Green Kaminer Min & Rockmore LLP
          420 Lexington Avenue, Suite 2821
          New York, NY 10170
          (212) 681-6400

          *Pro Bono Attorneys for Respondent*

cc:    Michael Pascazi, Esq. (by ECF)