

**Pascazi Law Offices PLLC**

MICHAEL S. PASCAZI, ESQ.    CÉLINE M. PASCAZI, M.P.S.

WWW.PASCAZILAW.COM
INFO@PASCAZILAW.COM

December 10, 2024

**VIA ECF**
United States District Court, SDNY
Hon. Katherine Polk Failla, U.S.D.J.
40 Foley Square, Room 2103
New York, NY 10007

**MEMO ENDORSED**

Re: <u>Mene v. Sokola</u>, Case No.: 22-cv-10333 (KPF)

PETITIONER'S LETTER CROSS MOTION re:

1. Deny Respondent's Letter Motion to file and serve a Sur-Reply on Petitioner's pending FRCP Rule 59(e) & 60(b) Motion;
2. Should the Court grant Respondent a Sur-Reply, then also grant to Petitioner leave to file and serve a rebuttal to said Sur-Reply, to eliminate Respondent gaining the last word;
3. Grant to Petitioner such other and further relief which as to the Court is just, fitting, and proper.

Dear Judge Polk Failla,

As you know, this office represents Petitioner, Sebastien Funez Mene ("Sebastien"), in this Hague International Child Abduction Convention ("Convention") proceeding.

""Neither the Federal Rules of Civil Procedure nor the Local Rules permit a sur-reply, and the Court is under no obligation to give plaintiff another chance to make its arguments." <u>OneBeacon American Ins. Co. v. Comsec Ventures Intern., Inc.</u>, 2010 U.S. Dist. LEXIS 1193, 2010 WL 114819, at *3 (N.D.N.Y. January 7, 2010) (citations omitted)." <u>Est. of Loveria v. Portadam, Inc.</u>, 2010 U.S. Dist. LEXIS 162344 at *4 (N.D.N.Y. June 9, 2010).

""This rule is not a mere technicality, but a well-reasoned procedure premised, in part, on the fact that it is the movant who is shouldered with the ultimate burden on the motion and who therefore should be (for reasons of judicial efficiency and simple fairness) afforded the last word on the motion." <u>Medina</u>, 2008 U.S. Dist. LEXIS 74205, 2008 WL 4426748, at *16 N.95." <u>Est. of Loveria v. Portadam, Inc.</u>, 2010 U.S. Dist. LEXIS 162344 at *4 (N.D.N.Y. June 9, 2010).

Respondent contends she should be entitled to file a sur-reply because Petitioner raised new arguments in his reply papers. Yet, Respondent fails to even outline what purported new arguments were made, if any.

""To prevent unfairness to litigants, courts apply a general rule that 'new arguments may not be made in a reply brief.'" <u>Advanced Fiber Technologies Trust v. J&L Fiber Services, Inc.</u>, 2010 U.S. Dist. LEXIS 46426, 2010 WL 1948242, at *2 (N.D.N.Y. May 12, 2010) (citing <u>Ernst Haas Studio, Inc. v. Palm Press, Inc.</u>, 165 F.3d 110, 112 (2d Cir. 1999)); see also <u>Knipe v. Skinner</u>, 999 F.2d 708, 711 (2d Cir. 1993)."

""Clearly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself [or

1065 Main Street, Suite D          10 Rue Pasteur, 2ème Étage
Fishkill, N.Y. 12524 U.S.A.         95520 Osny [Paris] France
Ph: 845.897.4219  Fax: 845.468.7117    Tél: +33 9.77.21.86.40

SERVICE NOT ACCEPTED BY FAX OR EMAIL



Pascazi Law Offices PLLC
Michael S. Pascazi, Esq.    Céline M. Pascazi, M.P.S.
WWW.PASCAZILAW.COM
INFO@PASCAZILAW.COM

herself] to argue those previously unforeseen issues." Litton Industries, Inc., v. Lehman Bros. Kuhn Loeb Inc., 767 F. Supp. 1220, (S.D.N.Y. 1991) (overruled on other grounds Litton Industries, Inc., v. Lehman Bros. Kuhn Loeb Inc., 967 F.2d 742 (2d Cir. 1992))." Est. of Loveria v. Portadam, Inc., 2010 U.S. Dist. LEXIS 162344 at *6 (N.D.N.Y. June 9, 2010).

  In the case at bar, Respondent in her opposition papers attempts to controvert the improper behavior of her "team"; which behavior was asserted by Petitioner to constitute a corruption of the Bench Trial before this Court. It is axiomatic that it was just and proper for Petitioner to rebut the allegations of Respondent in her Opposition Papers. Such is the essence of reply papers. Respondent's improper attempt to gain the last word should not be countenanced by the Court.

  "The attorney-client privilege protects lawyer-client communications for the purpose of obtaining or providing legal advice that were intended to be and in fact kept confidential. *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). The privilege is construed narrowly because it blocks the discovery of relevant information. *Id.*; see also *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976). The party asserting the privilege bears the burden of establishing privilege. *Mejia*, 655 F.3d at 132. Including a person outside of the attorney-client relationship in a communication can result in a waiver of privilege, as can disclosure of a communication to such a person. *Id.*; *Pearlstein v. Blackberry Ltd.*, 2019 U.S. Dist. LEXIS 45098, 2019 WL 1259382, *6 (S.D.N.Y. Mar. 19, 2019). However, the Second Circuit has held no waiver will result if the third party is important to the provision of legal advice to the client. For example, an outside professional such as an accountant or an interpreter might be necessary or highly useful to ensure an effective communication between the lawyer and client. In these circumstances, it has extended the privilege to cover such communications even though they include a non-party to the attorney-client relationship. See, e.g., *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999)." J.L. ex rel. J.P. v. N.Y.C. Dep't of Educ., 2022 U.S. Dist. LEXIS 226495 at *3-4 (S.D.N.Y. Dec. 15, 2022).

  In the case at bar, it has not been divulged, even in a cursory fashion, what purported attorney/client privileged communication(s) Respondent is referring to in her Letter Motion. Petitioner presumes that it is the damming WhatsApp message, wherein, Attorney Wochnik confirms the improper and perhaps unlawful recording of the Bench Trial, as was directed by Attorney Wochnik.

  According to Dr. Ewa Sokola, the WhatsApp message was forwarded to her. Such forwarded message to Dr. Sokola was not important to the provision of legal advice to Respondent by Attorney Wochnik. Dr. Sokola was not an outside professional such as an accountant or an interpreter who might be necessary or highly useful to ensure an effective communication between the lawyer and client. Dissemination to a third party by the principal or her counsel is a classic waiver of the narrowly construed privilege. The attorney/client privilege was waived by such third-party disclosure.

  Sometimes, a party possessing the privilege can waive its protection by affirmatively making the subject matter of the privileged communication an issue in the litigation. This is called "at-issue" waiver or "subject matter waiver". Deutsche Bank Trust Co. of Ams. v Tri- Links Inv. Trust, 43 A.D.3d 56, 64 (NY App. Div. 1st Dep't 2007) (holding, subject matter waiver of a privilege occurs

☐ 1065 Main Street, Suite D
Fishkill, N.Y. 12524 U.S.A.
Ph: 845.897.4219  Fax: 845.468.7117

☐ 10 Rue Pasteur, 2ème Étage
95520 Osny [Paris] France
Tél: +33 9.77.21.86.40

SERVICE NOT ACCEPTED BY FAX OR EMAIL



when "a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information.").

"Moreover, selective disclosure is not permitted as a party may not rely on the protection of the privilege regarding damaging communications while disclosing other self-serving communications." Village Bd. of Vil. of Pleasantville v. Rattner, 130 A.D.2d 654, 655 (NY App. Div. 2nd Dep't 1987); see also Orco Bank v. Proteinas Del Pacifico, 179 A.D.2d 390, 390 (NY App. Div. 2nd Dep't 1992) (attorney/client privilege was waived by client's "selective disclosure" of legal advice).

"This "subject matter waiver", which allows the attacking party to reach all privileged conversations regarding a particular subject once one privileged conversation on that topic has been disclosed, is simply another form of the waiver by implication rule …." In re von Bulow, 828 F.2d 94, 102-103 (2nd Cir. 1987). ""Subject-matter waiver applies where considerations of fairness should allow the attacking party to reach all privileged conversations regarding a particular subject once one privileged conversation on that topic has been disclosed in order to avoid prejudice to the adversary party and distortion of the judicial process that may result from selective disclosure." *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 94 (W.D.N.Y. 2011) (cleaned up)." Harris v. Tioga Cty., 2021 U.S. Dist. LEXIS 132959 at *8 (N.D.N.Y. July 16, 2021).

"Where a party "makes the strategic decision to disclose some privileged information, the courts may find implied waiver" as to the remaining privileged information. *In re Grand Jury Procs.*, 219 F.3d at 184; *Robinson v. De Niro*, No. 19-cv-9156, 2022 U.S. Dist. LEXIS 42101, 2022 WL 704922, at *6 (S.D.N.Y. Mar. 9, 2022)("When there has been a selective disclosure of attorney-client communications in the litigation, courts typically find the party has waived privilege as to all documents pertaining to the subject disclosed."). The selective disclosure waiver is also grounded in the "fairness considerations" that arise when a party attempts to use attorney-client privilege "both as 'a shield and a sword.'" *In re Grand Jury Procs.*, 219 F.3d at 182-84; *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A party may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.")." Richards v. Kallish, 2023 U.S. Dist. LEXIS 209814 at *23-24 (S.D.N.Y. Nov. 22, 2023).

In the case at bar, Attorney Wochnik testified twice in this proceeding on behalf of Respondent. First, with live testimony during the Bench Trial, and then more recently via Declaration on Petitioner's pending FRCP Rule 59(e) & 60(b) Motion. Attorney Wochnik was not cross-examined *vis a vis* his recent Declaration.

*Ergo*, Attorney Wochnik moved from being an advocate to being a witness, placing certain selective purported facts before the Court, in an attempt to defeat Petitioner's Motion. Attorney/Client privilege was waived by Respondent client's "selective disclosure". Attorney Wochnik should not be allowed to use certain purported facts, and hide other purported facts from Petitioner, as he has done. Given Attorney Wochnik's extensive testimony in this proceeding, his entire Respondent's file is now fair game for disclosure.

If this Court re-opens the instant Convention case, Petitioner should be granted full

☐ 1065 Main Street, Suite D
Fishkill, N.Y. 12524 U.S.A.
Ph: 845.897.4219 Fax: 845.468.7117

☐ 10 Rue Pasteur, 2ème Étage
95520 Osny [Paris] France
Tél: +33 9.77.21.86.40

SERVICE NOT ACCEPTED BY FAX OR EMAIL



disclosure of Respondent's file maintained by Attorney Wochnik, to uncover what other untoward corrupting acts Attorney Wochnik and others may have been involved with, to prejudice Petitioner. In fact, the instant Convention case should be re-opened so that Petitioner can uncover other untoward corrupting acts which have prejudiced Petitioner. The attorney/client privilege was waived by such selective disclosure.

      Petitioner prays that this Court: Deny Respondent's Letter Motion to file and serve a Sur-Reply on Petitioner's pending FRCP Rule 59(e) & 60(b) Motion, and should the Court grant Respondent a Sur-Reply, then also grant to Petitioner leave to file and serve a rebuttal to said Sur-Reply, to eliminate Respondent gaining the last word, and grant to Petitioner such other and further relief which as to the Court is just, fitting, and proper.

Very truly yours,

/s/ *Michael S. Pascazi*

Michael S. Pascazi, ESQ.

c.c.:    Opposing Counsel    Via ECF
           Petitioner                Via Email

1065 Main Street, Suite D  
Fishkill, N.Y. 12524 U.S.A.  
Ph: 845.897.4219  Fax: 845.468.7117

10 Rue Pasteur, 2ème Étage  
95520 Osny [Paris] France  
Tél: +33 9.77.21.86.40

SERVICE NOT ACCEPTED BY FAX OR EMAIL

The Court has reviewed Respondent's letter motion for leave to file a sur-reply (Dkt. #176), and Petitioner's response (Dkt. #177).

The Court considers briefing in the instant matter to be concluded and will reach out to the parties if it concludes that any additional information is necessary.

The Clerk of Court is directed to terminate the pending motion at docket entry 176.

Dated:     December 16, 2024             SO ORDERED.
           New York, New York

                                         HON. KATHERINE POLK FAILLA
                                         UNITED STATES DISTRICT JUDGE